CASE 24 – APPEALS TO CIRCUIT COURT—OCTOBER 16.

# Dearen v. Taylor County Court.
# Newton, &c. v. Taylor County Court.
# Newton, &c. v. Taylor County Court.
# Odewalt v. Taylor County Court.

APPEALS FROM TAYLOR CIRCUIT COURT.

1. APPLICATION FOR LICENSE TO SELL LIQUOR.—Section 4203 of the Kentucky Statutes, which regulates the granting of licenses by the county court to sell liquor, and provides that if the majority of the legal voters in the neighborhood shall protest against the application, it shall be refused, applies to all applications for license to sell liquor by retail, including applications to sell as merchants, distillers and druggists. And the county court determines in each instance what constitutes the neighborhood.

2. SAME.—The fact that at an election held for the purpose there had been a vote against the sale of liquor in the county, to include druggists, was a sufficient reason for refusing these applications, even though they were pending when the vote was taken. As the vote had been ordered when the applications were first made in the county court, it may be said that the election was then pending.

WM. H. HOLT FOR APPELLANTS.

1. The statute does not require the applicant for license to show a negative. It is presumed he is not of bad character and keeps an orderly house.

2. If the applicant makes out a *prima facie* case, then if no reason be shown against it by legal evidence, it is an abuse of discretion to refuse him relief. (Ky. Stats., sec. 4305.)

3. Even if section 4203 of the Kentucky Statutes applies to an application under section 4205, the court had no right to refuse the

application in this case, as the court had not fixed or determined what constituted the neighborhood, and there could, therefore, be no protest.

4. The election under the local option law of August 6, 1892, was of no effect, because it does not appear that there was any notice of the election. (Acts 1891-2-3, p. 214.)

S. A. RUSSELL ON SAME SIDE.

1. All a merchant, druggist or distiller has to do to obtain license is to show that he is in good faith a merchant, druggist or distiller, and has not assumed the name or business for the purpose of obtaining license. When this condition is complied with the applicant is entitled to the license as a matter of right. (Acts 1891-2-3, p. 277, secs. 14 and 16; Dougherty v. Commonwealth, 14 B. M., 239.)

2. The local option law of August 6, 1892, was repealed by the act of November 11, 1892, providing for the granting of license to merchants, druggists and distillers, and, therefore, the vote under that law does not preclude the issual of license to appellants. Besides, the election was not held until after appellants had made their applications for license.

MONTAGUE & COLLINS AND J. M. WOOD FOR APPELLEE.

1. The provisions of the statute as to notice and protest apply to applications by merchants, druggists and distillers for license to sell liquor in quantities not less than a quart. (Chap. 103, art. 10, sub-div. 2 of acts 1891-2-3, secs. 14, 16, 17; Gayle v. Owen County Court, 83 Ky., 61; Nepp v. Commonwealth, 2 Duv., 546; Pearce v. Commonwealth, 10 Bush, 6; 3 Bush, 147.)

2. The county court has a wide discretion in the matter of granting license, and its action should not be disturbed, unless it is clear that discretion has been abused.

3. The vote under the local option law against the sale of liquor was sufficient to preclude the issual of license to appellants.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

These four appeals are prosecuted to reverse the judgments of the Taylor Circuit Court, and seem by consent to have been heard together by the circuit court, and by order of this court heard together here.

Two of the appellants were applicants for distiller's license to sell liquor by the quart; one was a merchant applying for merchant's license, and the other a druggist.   Each of the applications was refused by the county court of Taylor county, and appeals in each case taken to the circuit court, where the applications were again refused and judgment of the county court affirmed.

The appellants insist that the county court and also the circuit court erred in overruling their applications for license, claiming that the appellants proved that they were merchants, distillers or druggists in good faith, and had not assumed to be such for the purpose of obtaining the license asked for; and so far as their own sworn statements are concerned the proof was complete as to that matter. No other proof on that point was introduced.  It appears, however, that the county attorney was permitted to file a protest of a majority of the legal voters in the neighborhood of each proposed place of sale.   Appellants contend that such protest was illegal, and also suggest that the court did not or had not defined what constituted the neighborhood.

Upon the trial in the circuit court the same proof was introduced by appellants, and same protest of the majority of the legal voters of the respective neighborhoods, and in addition thereto properly authenticated copies of the records of the Taylor County Court were introduced, showing that on the 12th of August, 1893, a vote on the question of selling, loaning or bartering whisky in Taylor county, to include druggists, had resulted in a decisive majority against such sale.

The order for the vote was made in June, 1893.   These applications were made in the county court in July, 1893, and tried in the circuit court in September, 1893.   Appellants contend that the application having been made before

the vote was taken the vote can not affect their right to the license. It is also contended by appellants. that the law does not authorize the protests to be filed to. defeat applications for the license in question.

Section 4203 of the Kentucky Statutes provides that all licenses to sell liquor by retail shall be granted by the county court, and requires notice to be posted at certain places ten days before the application is made, and then further provides that if the majority of the legal voters in the neighborhood shall protest against the application it shall be refused. The county.court in each instance shall determine what constitutes the neighborhood. It is also provided that no license shall be granted to any person of loose character or who does not keep an orderly or law-abiding house.

It seems clear to us that the section *supra* applies to all applications for license to sell liquor by retail. There is nothing in the chapter providing for the granting of such licenses as were applied for by appellants to authorize the conclusion that the section referred to does not apply to licenses to sell as merchants, distillers and druggists. The county court determines in each instance what constitutes the neighborhood.

We perceive no error in the judgment of the county court, but we are not called on to revise or consider the judgment of the county court. We have already shown that the same protests were filed in the circuit court, and, in addition thereto, it was shown that Taylor county had, at an election held for that purpose, voted against the sale, etc., of liquor, and that at the trial of these applications for license no court was authorized to grant any such license.

The fact that these motions were pending at the time the vote was taken can not affect the question of the power of the court to grant license. It may be said that the election

was pending (the vote had been ordered) when appellants' applications were first made in the county court.

The judgments of the circuit court are manifestly in accord with the law and facts, and the judgment in each of the four cases is affirmed.